IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No. 13-cr-00159-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

12.    DUSTY MEDEIROS,

    Defendant.

_____

**DETENTION ORDER UPON BOND REVOCATION**
_____

This matter is before the court on the Government's Motion for Revocation of Release Pursuant to 18 U.S.C. §3148(b) [Doc. No. 324]. The Government seeks to revoke the Defendant's release on bond, alleging that she has violated the terms of her bond by failing to comply with restrictions regarding her electronic monitoring and by purposefully associating with a co-defendant in spite of the bond provision specifically prohibiting this association. The court heard argument on July 29, 2013 where the Defendant was represented by her counsel, Jerome McKee.

> Title 18 United States Code § 3148(b) provides
>
> (b) Revocation of release.--The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a

person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--

    (1) finds that there is--

    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
    (B) clear and convincing evidence that the person has violated any other condition of release; and

    (2) finds that–

    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
    (B) the person is unlikely to abide by any condition or combination of conditions of release.

*Id.*

The government presented testimony from Probation Officer Lisa Pence and from FBI Special Agent Donald Peterson.  The evidence showed that on two occasions during her first two months on bond, the Defendant was late arriving to her home after being given permission to be away from the house for a limited time.  Further, the evidence showed that on July 4, 2013, the Defendant drove with another person to the Clear Creek Correctional facility without permission from her Probation Officer to leave the house for this purpose to visit co-defendant Brandon Lee Brown.  The correctional facility performed a clearance check on Ms. Madeiros' identification and thereafter reported her presence at the jail to Probation Officer Lisa Pence.  The defendant apparently left a message for Ms. Pence after hours on or about July 3, 2013 asking that Ms.

Pence call her, but when Ms. Pence called her on Monday, July 8, 2013, the defendant said there was no longer any issue. She did not admit leaving her house and driving to Clear Creek County. When Ms. Pence confronted the defendant about being at the jail facility, only then did Ms. Madeiros admit to being in Clear Creek County but told Ms. Pence that she had driven Brandon Lee Brown's dying grandmother to Clear Creek to see her grandson before she died. As the evidence showed, however, there was no dying grandmother and Ms. Madeiros instead had taken another of Mr. Brown's lovers with her to the jail facility so that she could confront Mr. Brown about his infidelity.

The defense did not dispute the violations but characterized the two late arrivals as misunderstandings about the time she was supposed to return to her home and the several hour drive to Clear Creek to see Mr. Brown as a "mistake" and a lapse of good judgment.

The court finds that the Government has shown by clear and convincing evidence that the Defendant has violated several conditions of her bond and that she has done so willingly and knowingly. Defendant had ample time while driving to the Clear Creek County facility in Georgetown, Colorado from her home in Aurora to contemplate what she was doing and the likely affect it would have on her bond if she was caught. She chose to violate the conditions of her electronic monitoring and the prohibition on association with co-defendants anyway. Then, when confronted by the Probation Officer, she lied about why she was there. The Probation Officer testified that she felt it was unlikely that other conditions of supervision could be imposed which would address the court's concerns, because most of those restrictions, short of

incarceration, require that a degree of trust be given to the defendant and that trust was no longer present.

After considering all the factors presented to the court,[1] the court concludes that Ms. Madeiros is unlikely to abide by any condition or combination of conditions of release as has been proven by her lack of responsibility shown to date in the face of being allowed on bond in this drug presumption case and in spite of the willingness of the probation department to work with her so that she could retain her employment. She was granted multiple late arrival times while on bond so that she could continue working and was not refused any accommodation which she requested from the Probation Officer. In response, she treated her curfew deadlines with a cavalier attitude and willfully chose to violate the conditions of her bond and then to lie about what she had done.

Therefore, her release on bond is hereby **REVOKED**.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

---

[1] Including a presentation made by proffer from the Defendant's attorney at a bench conference which was sealed.

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

Dated this 29th day of July, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge